UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FELISHIA PERRY, YVETTE GARREAU, and MICHELLE GALLES, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No.: |
| vs. | ) ) |
| | ) Judge: |
| ETTAIN GROUP, INC. | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiffs file this lawsuit against Defendant and allege the following:

### JURISDICTION AND PARTIES

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Defendant ettain group, inc. (ettain group) is a North Carolina corporation that does business in Tennessee and has an office location in Nashville, Davidson County, Tennessee. Its registered agent for service of process is Sam McClure, 3011 Armory Drive, Suite 210, Nashville, Tennessee, 37204.

3. Defendant is a staffing company that employs personnel to perform job assignments and services for its clients.

4. Defendant employed each of the Plaintiffs to fulfill job assignments and perform work for Defendant's client, LifePoint Health (LifePoint), which has its corporate headquarters in Brentwood, Davidson County, Tennessee.

5. While employed by Defendant, each Plaintiff performed work in Brentwood, Davidson County, Tennessee on behalf of Defendant and LifePoint Health.

**FACTS**

**Felishia Perry**

6. Plaintiff Felishia Perry was employed by Defendant in the position of Clinical Program Manager from July of 2017 until October of 2019.

7. While she was employed by Defendant, Defendant paid Plaintiff an hourly rate for her work.

8. While she was employed by Defendant, Plaintiff performed work at the LifePoint corporate headquarters in Brentwood, Tennessee. Plaintiff also performed work at LifePoint facilities located in Georgia and North Carolina. Plaintiff also performed work from her home in California, where she resided at the time that the work was performed.

9. Plaintiff routinely worked overtime hours of more than 40 hours per workweek while she was employed by Defendant.

10. Plaintiff routinely worked more than 8 hours per work day; worked more than 12 hours per work day; worked seven consecutive days during some workweeks; and worked more than 8 hours on her seventh consecutive day of work.

11. Defendant never paid Plaintiff any overtime premium for any of her work hours. Instead, Defendant compensated Plaintiff by paying Plaintiff her regular hourly rate for all hours worked, including overtime hours.

**Yvette Garreau**

12. Plaintiff Yvette Garreau was employed by Defendant in the position of Ambulatory Standards Lead from July of 2017 until September of 2019.

13. While she was employed by Defendant, Defendant paid Plaintiff an hourly rate

for her work.

14. While she was employed by Defendant, Plaintiff performed work at the LifePoint corporate headquarters in Brentwood, Tennessee. Plaintiff has also performed work at LifePoint facilities located in Georgia. Plaintiff also performed work from her home in Georgia, where she resided at the time that the work was performed.

15. Plaintiff routinely worked overtime hours of more than 40 hours per workweek while she was employed by Defendant.

16. Defendant never paid Plaintiff any overtime premium for any of her work hours. Instead, Defendant compensated Plaintiff by paying Plaintiff her regular hourly rate for all hours worked, including overtime hours.

**Michelle Galles**

17. Plaintiff Michelle Galles was employed by Defendant in the position of Clinical Special Projects Lead from August of 2018 until September of 2019.

18. While she was employed by Defendant, Defendant paid Plaintiff an hourly rate for her work.

19. While she was employed by Defendant, Plaintiff performed work at the LifePoint corporate headquarters in Brentwood, Tennessee. Plaintiff also performed work at LifePoint facilities located in Georgia and North Carolina. Plaintiff also performed work from her home in California, where she resided at the time that the work was performed.

20. Plaintiff routinely worked overtime hours of more than 40 hours per workweek while she was employed by Defendant.

21. Plaintiff routinely worked more than 8 hours per work day; worked more than 12 hours per work day; worked seven consecutive days during some workweeks; and worked more than 8 hours on her seventh consecutive day of work.

22. Defendant never paid Plaintiff any overtime premium for any of her work hours. Instead, Defendant compensated Plaintiff by paying Plaintiff her regular hourly rate for all hours worked, including overtime hours.

## Count 1—Violations of Fair Labor Standards Act

23. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-22 above.

24. Defendant was an "employer" of each Plaintiff as defined by Section 203(d) of the FLSA.

25. Each Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

26. While Plaintiffs were employed by Defendant, they were engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

27. While Plaintiffs were employed by Defendant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

28. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

29. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiffs overtime pay at a rate of one and one-half times their regular rates of pay for all hours worked over 40 during a workweek.

30. Defendant's failure to pay Plaintiffs overtime wages of one and one-half times their regular rates of pay for all overtime hours worked was a violation of Section 207(a)(1) of

the FLSA.

31. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiffs for overtime back pay.

32. In addition to the amount of unpaid overtime wages owing to Plaintiffs, Plaintiffs are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

33. Pursuant to Section 216(b) of the FLSA, Plaintiffs are entitled to an award of attorney's fees and costs.

**Count 2—Violations of California Labor Code as to Plaintiffs Perry and Galles**

34. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-33 above.

35. During the periods when Plaintiffs Felishia Perry and Michelle Galles were performing work for Defendant from their homes in California, the overtime provisions of the California Labor Code applied to Defendant.

36. Pursuant to Cal. Lab. Code § 510, Defendant was required to compensate Plaintiffs Perry and Galles at a rate of at least one and one-half times their regular rates of pay for work exceeding eight hours in one workday; for work exceeding 40 hours in any workweek; and for the first eight hours worked on the seventh day of work in any workweek.

37. Pursuant to Cal. Lab. Code § 510, Defendant was required to compensate Plaintiffs Perry and Galles at a rate of at least two times their regular rates of pay for work exceeding 12 hours in one workday and work exceeding eight hours on the seventh day of work in any workweek.

38. By compensating Plaintiffs Perry and Galles at their regular rates of pay for all hours worked, and failing to compensate them at rates of one and one-half times their regular

rates of pay and two times their rates of pay, as applicable, Defendant violated Cal. Labor Code § 510.

39. Pursuant to Cal. Lab. Code § 1194, Defendant is liable to Plaintiffs for overtime back pay and interest.

40. Pursuant to Cal. Lab. Code § 1194, Plaintiffs are entitled to an award of attorney's fees and costs.

## **Prayer for Relief**

WHEREFORE, Plaintiffs pray for a judgment against Defendant for damages that include the following:

(a) overtime back pay pursuant to the FLSA and the California Labor Code;

(b) liquidated damages in an amount equal to their overtime back pay recovered pursuant to the FLSA;

(c) interest;

(d) reasonable attorney's fees and costs; and

(e) all other general legal and equitable relief to which they may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #013839
4525 Harding Road
Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com